**Paul D. ELLIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 01–CF–1547.**

District of Columbia Court of Appeals.

Submitted Oct. 14, 2003.

Decided Oct. 23, 2003.

Ian A. Williams, Washington, DC, was on the brief for appellant.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, Irma Valdez, and Tracy N. Ferguson, Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN, FARRELL, and GLICKMAN, Associate Judges.

PER CURIAM:

Convicted by a jury of distribution of cocaine, appellant argues mainly that the Drug Enforcement Administration (DEA) chemist's report of analysis of the drugs should have been excluded as hearsay because the government did not present "foundational testimony" by a police officer (or anyone else) that the report was a business record kept in the regular course of the DEA's business. The court resolved this issue against appellant in *Giles v. District of Columbia,* 548 A.2d 48 (D.C. 1988), where we held that so long as four statutory requirements are met, a chemist's report is admissible under D.C.Code § 33–556 (now D.C.Code § 48–905.06 (2001)) "without need for a testimonial foundation." *Id.* at 53.[1] In § 33–556, we reasoned, the legislature "in effect [had] extended admissibility of a chemist's report from the business records exception to a business records-type subset of the official records exception to the hearsay rule," which traditionally has permitted admission of a record "without supporting testimony" if attestation and certification requirements such as § 33–556 contains are met. *Id.* at 54.

Despite the clear teaching of *Giles,* appellant relies on language in *Brown v. United States,* 627 A.2d 499 (D.C.1993), which appears to read the statute as imposing *both* the admissibility requirements set forth in *Giles and* a requirement of

1. We stated in *Giles:*
   [A] chemist's report may be admitted into evidence under § 33–556, without need for a testimonial foundation, if four requirements are met: (1) the "analysis of a controlled substance [must be] performed by a chemist charged with an official duty to perform such analysis," (2) an "official report of chain of custody and of analysis of [the] controlled substance" must be "attested to by that chemist," (3) the chemist's official report must be "attested to ... by the officer having legal custody of the report," and (4) the official report must be "accompanied by a certificate under seal that the officer has legal custody."
   548 A.2d at 53–54.

foundational testimony. *See id.* at 506 ("In addition [to the four prerequisites listed in *Giles*], since the [chemist's] report is hearsay, there must be evidence during the government's case in chief which establishes"—"typically ... through foundational testimony"—"the applicability of the 'business record' exception to the hearsay rule," citing *Giles*, 548 A.2d at 53).[2] This language was dictum in *Brown*, in which the issue the court actually decided was whether the defendant had a constitutional right "to cross-examine the chemist during the government's case in chief," 627 A.2d at 506, rather than—as the statute provides—in his own case by subpoenaing the chemist and questioning him "as on cross-examination." Section 48–905.06.[3] Moreover, the court obviously did not intend to deviate from *Giles*'s teaching, given that its discussion of the statutory requirements purported to track that case's analysis. In all events, because *Giles* was decided before *Brown* it is *Giles*, and not *Brown*, that is binding precedent. *See Thomas v. United States*, 731 A.2d 415, 420 n. 6 (D.C.1999) ("Where a division of this court fails to adhere to earlier controlling authority, we are required to follow the earlier decision rather than the later one") (citing cases).

The four requirements set forth in *Giles* were met in this case, and appellant does not argue otherwise. Accordingly, there was no error in the admission of the chemist's report.[4]

*Affirmed.*

---

**2.** Actually *Giles* had stated, at the place cited, that the chemist's report *"could have been admitted as a business record,"* in which case "the chemist or other custodian, or conceivably someone else in a position to know, *would have had to* provide a foundation by testifying ... that the report was made in the regular course of business [etc.]." *Giles*, 548 A.2d at 53 (emphasis added). But, as *Giles* made clear, the hypothetical need for admission as a business record had been supplanted by the four statutory requirements for admission. *Id.* at 53–54.

**3.** We answered that question "no," as we essentially had done previously in *Howard v. United States*, 473 A.2d 835 (D.C.1984).

**4.** Appellant further argues that the chemist's certificate of compliance was inadmissible because he did not receive a copy of it five days or more before trial, as required by the statute. Even ignoring his failure to raise this objection at trial, *accord United States v. Olano*, 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), he asserts no cognizable prejudice from the government's belated furnishing of the certification. *See Belton v. United States*, 580 A.2d 1289, 1292–93 (D.C. 1990).